UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MOORE, III,

    Plaintiff,

v.                                                    Case No. 3:21cv322-MCR-HTC

CAPTAIN JOHN HEWITT
 SGT. JOHN LAJINESS, and
 SGT. CONNER RICKS,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. ECF Doc. 61. Plaintiff has filed a response, ECF Doc. 67, with exhibits, ECF Doc. 68. Also pending is Plaintiff's motion to amend the complaint to add a conspiracy claim, ECF Doc. 63, to which Defendants have objected, ECF Doc. 64. For the reasons set forth below, the undersigned recommends the motion to dismiss be granted and the case dismissed. Plaintiff has failed to provide a complete and honest disclosure of his litigation history as required by the Court's complaint form. Thus, based on this recommendation, the Court denies the motion to amend as futile.

I.      BACKGROUND

In the Second Amended Complaint, ECF Doc. 19, Plaintiff alleges he informed Defendants Hewitt, Lajiness and Ricks he was being threatened and extorted by an inmate named Jose Calleja and that Calleja was also pressuring Plaintiff to participate in drug dealing at the prison or be stabbed. *Id.* at 5. Plaintiff sues Hewitt and Lajiness for violating the Eighth Amendment in failing to place Plaintiff in protective management. Plaintiff sues Ricks for failing to protect him from an assault by Inmate Calleja. As relief, Plaintiff seeks compensatory damages of $50,000 for the loss of tooth and infliction of pain during the three (3) days before an emergency root canal. Plaintiff also seeks $50,000 in punitive damages for the willful failure to protect Plaintiff.

II.     MOTION TO DISMISS

Defendants raise three arguments in support of dismissal: (1) Plaintiff failed to truthfully disclose his prior litigation history; (2) Plaintiff is a three-striker under 28 U.S.C. § 1915(g); and (3) Plaintiff failed to exhaust his administrative remedies. ECF Doc. 61. As discussed below, the undersigned finds dismissal without prejudice to be an appropriate sanction for Plaintiff's failure to disclose his litigation history. The undersigned finds, however, that dismissal is not appropriate under 28 U.S.C. § 1915(g) because, although Plaintiff incurred a third strike between the time of filing the initial complaint and the second amended complaint, Plaintiff did not have three (3) strikes when he initiated this suit. Also, because the undersigned finds

dismissal is appropriate for failure to disclose, the undersigned finds it unnecessary to address the issue of exhaustion.

### A. Failure to Disclose Prior Litigation History.

Petitioner filed his Second Amended Complaint on June 20, 2021, using this Court's official form. On that form, Section VIII, entitled "PRIOR LITIGATION", begins by explaining the "three strikes rule" of the PLRA and explains that a strike is a case that is "dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." ECF Doc. 19 at 16.

Question A in Section VIII asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" Petitioner checked the "YES" box and listed two cases: 3:19cv4825 and 3:19cv4824. He did not, however, disclose case 5:19cv419 and, while identifying that case in response to Question C, which asks if Plaintiff had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement," explained it was "Dismissed Failure to Prosecute." ECF Doc. 19 at 18-19.

Plaintiff's answers to Question A and Question C were false. Case 5:19cv419 was **not** dismissed for failure to prosecute but instead because it was dismissed as "malicious" and "an abuse of the judicial process" for Plaintiff's failure to disclose completely and honestly his litigation history. *Moore v. Inch*, 5:19cv419-TKW/MJF, ECF Doc. 12 (N.D. Fla. Sept. 10, 2020); ECF Doc.14 (adopting order).

Case No. 3:21cv322-MCR-HTC

Making matters worse, Plaintiff then lied about the reason the case was dismissed in Section VIII. C, and continued this masquerade in his response to the motion to dismiss.  There, Plaintiff argues Judge Frank's report and recommendation was for failure to prosecute and stated if Plaintiff could not proceed, he should file a voluntarily dismissal – which would not be a strike.  ECF Doc. 3.  While this explanation appears to suggest Plaintiff did not understand the basis of dismissal – it is clear that is not the case.  Plaintiff knew Judge Frank recommended dismissal based on a failure to disclose (not for failure to prosecute) as Plaintiff filed an objection, which admitted the failure to disclose and sought leave to amend the complaint to list the omitted case.  ECF Doc. 13, 5:19-cv-419.

Indeed, Plaintiff appears to have a history of failing to disclose.  In addition to case 5:19-cv-419, this Court dismissed case 3:19-cv-04824-LC-HTC (N.D. Fla. March 4, 2020) for failure to disclose.  Also, the amended complaint form warned Plaintiff, "***Failure to disclose all prior cases may result in the dismissal of this case.***" ECF Doc. 19 at 19.  Despite these admonitions, Plaintiff continues to exhibit less than complete candor with the Court.  Indeed, because Plaintiff's original complaint also identified case 5:19-cv-419 as being dismissed for failure to prosecute, the Court had no reason to delve into the basis for the dismissal until notified of the misrepresentation by Defendants.

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for him to attempt to evade or undermine the purpose of the

Case No. 3:21cv322-MCR-HTC

form. The Court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

The undersigned, therefore, recommends the action be dismissed as malicious and abuse of the judicial process for Plaintiff's failure to disclose, honestly and completely, his litigation history. Because this dismissal will be Plaintiff's fourth strike under 28 U.S.C. § 1915(g), Plaintiff will need to pay the full filing fee for future actions filed as a prisoner absent a showing of imminent physical harm.

**B.     Petitioner Did Not Have Three Strikes When He Brought This Civil Action**

Defendants also seek dismissal on the basis that Plaintiff is a 3-striker barred from proceeding *in forma* pauperis under 28 U.S.C. § 1915(g). The undersigned finds a dismissal based on § 1915(g) to be unwarranted because Plaintiff's third

strike[1] –*Moore v. Ellis*, 3:19cv4825 (N.D. Fla.) –was dismissed *after* the filing of the instant case.

Title 28 U.S.C. § 1915(g) contains the so-called "three-strikes" provision and provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The number of strikes is determined at the time the Plaintiff files suit, not at the time he files an amended complaint. *See Dollar v. Coweta Cty. Sheriff Off.*, 510 F. App'x 897, 900 (11th Cir. 2013) ("Our published decisions have consistently looked at the *time of filing* when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis*."); *see also Constant v. Crum*, No. 3:20CV5617/LAC/EMT, 2021 WL 6498089, at *2 (N.D. Fla. Dec. 14, 2021), *report and recommendation adopted*, No. 3:20CV5617/LAC/EMT, 2022 WL 137969 (N.D. Fla. Jan. 14, 2022) (declining to count towards the three-strike total a case dismissed after the original complaint was filed and *in forma pauperis* status granted but before an amended complaint in the current case was filed.).

---

[1] There is no dispute Plaintiff had two strikes when he filed the instant complaint: 3:19cv4824 (dismissed on March 4, 2020) and 5:19cv419 (dismissed on October 5, 2020).

Case No. 3:21cv322-MCR-HTC

The instant case was initiated on February 20, 2021. ECF Doc. 1. The dismissal of 3:19cv4825 occurred on April 30, 2021. *Moore v. Ellis*, 3:19cv4825, ECF Doc. 18 & 19 (N.D. Fla.). The dismissal in 3:19cv4825, thus, does not count toward the strike total for the purposes of applying 1915(g) to the instant case.

### III. PLAINTIFF'S "MOTION FOR LEAVE OF COURT TO FILE A JOINDER CLAIM"

In this motion, ECF Doc. 63, Plaintiff requests leave of court "to file a joinder claim of a civil conspiracy" alleging a conspiracy among the Defendants based on the same allegations as in the Second Amended Complaint. The motion is denied as futile.

First, as discussed above, this case should be dismissed for failure to truthfully disclose his litigation history. Second, even if this action was not subject to dismissal, such a claim is barred by the intracorporate conspiracy doctrine. Under the intracorporate conspiracy doctrine, a corporation's employees cannot conspire among themselves when acting in the scope of their employment, as their actions are attributed to the corporation itself, "thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Detris v. Coats*, 523 F. App'x 612, 615 (11th Cir. 2013).

The intracorporate conspiracy doctrine applies to employees of the Florida Department of Corrections ("FDOC") as well. When all defendants were FDOC employees at the time of the incident, as is the case here, "[t]he 'conspiracy' occurred

only within a government entity[.]" *Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010), *aff'd by* 132 S.Ct. 1497 (2012).  In other words, employees of the FDOC "constitute a single legal entity that cannot conspire with itself."  *Dickerson v. Alachua Cnty. Comm'n.*, 200 F.3d 761, 768 (11th Cir.), *cert. dismissed*, 530 U.S. 1285 (2000).  Plaintiff's proposed amendment would therefore also be futile for failing to state a claim for which relief can be granted.

Accordingly, it is hereby ORDERED:

1. Plaintiff's Motion for Leave of Court to File a Joinder Claim, ECF Doc. 63, is DENIED.

Additionally, it is respectfully RECOMMENDED:

1. Defendants' Motion to Dismiss, ECF Doc. 61, be GRANTED, and this case dismissed without prejudice as malicious and abuse of the judicial process for Plaintiff's failure to disclose completely and honestly his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 7th day of March, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.